Good morning, Your Honors. Peter Ross for the appellant. Let me start out by quoting from Harold Lloyd v. Universal Pictures, a case which we cited a number of times in our briefs. I think this language is really the linchpin to this appeal. It says, and I quote, ìThe authorities support the doctrine that uncertainty as to the amount and extent of damage will not deprive the appellee of his recovery.î Then the opinion goes on to quote from the U.S. Supreme Court in Story Parchment. It says, ìIt is true that there was uncertainty as to the extent of damages, but there was none as to the fact of damage. The rule which precludes the recovery of uncertain damages applies to such as are not the certain result of the wrong, not to those damages which are definitely attributable to the wrong, and only uncertain in respect of their amount. In such case, while the damages may not be determined by mere speculation or guess, it will be enough if the evidence shows the extent of the damages as a matter of just and reasonable inference, although the result be only approximate.î Here we can say with reasonable certainty there was damage. In fact, the defendants selling look-alike belts. It's the exact same product. It performs the exact same function. It holds your pants up. And it's being sold in the same channels of commerce, and it's got a substantially similar design on it to the design on our belts. In at least one case, the defendant's belts were sold on the exact same rack in the exact same store with the exact same hang tags on them as our belts. The Court said, but there wasn't any evidence of actual damages, and there was testimony. Do you know of any sales that were lost? No. And so you're ñ there was an inference if they were competing for the same market, but there wasn't any evidence that was that you pointed to or that was pointed to that would prove, yes, we can point to a sales loss. So how do you get around that lack of evidence for that? I think that that is a false test for whether there's damage in fact. Given the circumstances I just described, how could we say in good conscience that no one bought their belt instead of ours? Never happened. They were on the same rack. You can't even tell them apart. But no one bought their belt instead of ours. Everyone who came. So you're saying the defendant has the burden of showing that there was no damage or that it wasn't a market issue? No. The plaintiff has the burden of presenting evidence from which it can be inferred that there is the fact of damage. And I think that evidence is in the record. I can't follow the record, and maybe you can clear it up for me. I may have the time sequence wrong. It looks as though the district judge said, based on the evidence submitted on motions for summary judgment, there's a genuine issue of fact about damages. Then he submitted it to the jury, and the jury said, yep, there are damages, and awarded damages pursuant to the instructions of the judge. And then after the jury trial and the verdict, the judge set aside the verdict because he said there's no evidence of damages, even though he had said there was enough evidence to go to a jury on damages at the summary judgment stage. And then after that, I get kind of balled up. I can't figure out what was going on. It seems like every couple of years a new order pops out, and I just don't understand the record. Well, this case, in my view, is a disaster for business. Because business needs certainty and a certain process that moves along with regularity. We included an Appendix A with our appellate's opening brief because the procedural background of what happened is so convoluted as to escape ready comprehension. The Appendix A describes essentially what Your Honor has said with some differences. There was a the jury came back with its decision. The court denied Well, at that point, you'd won twice. Yes. You'd won on summary judgment by defeating it and getting it to go to trial, and then you won a trial in front of the jury. Right. Exactly. And then the court denied motions for judgment as a matter of law brought by the defendant, Nadeem. So that's your third win. Yes. But granted a motion for a new trial as to the amount of profits. Getting back to the trial, the jury held that Ligon suffered $254,725 in actual damages. And I guess ultimately one jury said it was based on the salary of a principal of Nadeem or something along those lines. But that there wasn't the argument, I guess, that Nadeem is making is that there wasn't actually any basis in the record for that. And I guess the district court credited that. Was there a basis in the record for the actual damages found by the jury at the trial of the $254,000? Absolutely. There was expert testimony in the opinion of the expert economist who testified on behalf of Legion as to the amount of damages. So there's a basis in the record. I don't think that it can be said that the district judge didn't credit that testimony. He ruled that there wasn't evidence to support the amount of profits awarded. Profits and damages are two distinct recoveries, both of which can be had in a copyright case. And he accepted Legion's offer of a remediator that would eliminate the profits and keep the damage award. Sometime after that, the court then reversed itself completely and said, no, I'm going back to a new trial on everything. Not on everything, but on the damages and the profits and all the belt designs. And at that point, if I might just interrupt you, did the infringement, the jury's finding of infringement, wasn't disturbed? Was not disturbed. And then the judge was asked point blank, well, why is it? Can you can the court clarify why it is that now, after all these previous rulings, there's going to be a new trial on the issue of the amount of damages? And the court said in the record, and we quoted, there wasn't sufficient evidence to support the profits awarded. And that was the only statement, that cryptic statement. Now, as I've thought about this, I don't think we can, or the district judge can be upheld on the basis of speculation that he meant something else by that statement. Well, there's a joint stipulation, and I'm not sure what it means after listening to you. Plaintiff Legion Creative Leather Products hereby elects not to proceed with a second trial on the issue of its entitlement, if any, to the profits of defendants, et cetera, et cetera. And the parties request that the court vacate the trial date, request entry of judgment based on the present state of the record. As to what, I'm not sure. The parties further stipulate that they will endeavor to jointly submit a proposed judgment prior to May 16. If we can't agree, they shall each submit a proposed judgment for the court's consideration by May 16. What's this all about? This is about the fact that it's now eight years later after the case had been tried. This is about the fact that the court had reversed itself, sua sponte, a number of times, allowed a motion for summary judgment to occur after the trial had taken place that eliminated our right to actual damages, interpreted a motion in limine with respect to this second trial date that was approaching as a renewed motion for summary judgment on statutory damages and eliminated our right to statutory damages. At that point... Are you challenging, you're not challenging the statutory damage issue? No. Okay, so it's really just focusing on the actual damages. Yeah. At that point, after conferring with my client, I believe we arrived at a reasonable course of conduct which was to stop doing things in front of the district court, get a judgment entered, and see what could be straightened out in front of the court of appeal. Things may be going on still in the district court if we'd have tried this case again, so we elected to not seek the profits of the defendant and to have there was a jury trial, a finding of damages in the amount of $254,000. But that was gone, wasn't it? He had vacated it. A new trial had been ordered on that. Two new trials, one on profits and one on damages, or just one new trial? One new trial on profits and damages. Well, and you walked out from underneath it and said, we want a judgment. Yeah, and then the district court granted summary judgment on our damages. I thought he rejected the stipulation. Pardon me? I thought he rejected the stipulation. Well, the district court entered judgment and the judgment found in our favor on the two watch copyrights where we'd won $300,000 for willful infringement. And then it added language that we'd lost on all the belt copyrights. Let me ask, it may seem like kind of an off-the-wall question, and I apologize for that. I just hate to send you back for further litigation that could go any which way and consume more hundreds of thousands of dollars of your size. Is there any utility to inviting mediation in this case in the appellate court? I'm always open to mediation as a possibility. I would never reject it. How far are you apart? I don't know when the last time was we discussed settlement. So you've got the $300,000 and whatever on the watch claims, which they are challenging. And then the actual damages was zero based on the summary judgment, which you're here challenging. So it does sound like there's some ground for discussion. And then you had a jury verdict. On $254,000 on actual damages. And then you've got the attorney's fees. And the attorney's fees issue. Is that what's driving this case? The attorney's fees? No, I think what's driving this case is that the people on both sides are completely bewildered by what's happened to them. And you want to go back into the fire. Well, it's hard to settle anything in the face of what's going on. It really is. Clients, the lawyers look at it one way and say, oh, my God, what's happening here? Should we just try and make some sense out of this? And the clients, I assume, on both sides are beside themselves and have no idea what's happened to them. What do you want us to do? Well, that's easy for me. What I would like the Court of Appeal to do is to reverse the damage. I think that the jury verdict on actual damages should be reinstated. Because as in Harold Lloyd and Story Parchment, the jury made a just and reasonable inference of the amount of damages based on all the evidence. We know, just as a matter of common sense, there had to be damage in fact based on the evidence. So then it's up to the jury to set the amount based on this just and reasonable inference. And that's what I think they did. The last thing I would like the Court to do is to enter an order that we are entitled to attorney's fees. And if I may, I'd like to say a few words on that issue. Is it correct that you have summary judgments going both ways? You won one and lost one on the same issue? Yes. You know, I don't, I've thought about the procedural propriety or impropriety of a summary judgment before this second trial. It seems to me that the statutory scheme is that there is, following trial, a motion for judgment as a matter of law and a motion for a new trial. I think those are the procedural tools available to the parties. That's right. 59 and 60 rather than 56. Right. And I think that it was a legal error to even have the motion for summary judgment. But once he's vacated the trial, he's granted the motion for a new trial, then why can't the other, the parties, aren't they free to bring summary judgment motions? That would be the other argument. But I don't, I've never seen it done. I couldn't find a case where it was done. And it seems like the procedural tools that are in the record following trial cover the field. Usually it's law of the case at that point, isn't it? I think it would be that too. But the options are judgment as a matter of law or a new trial. I don't think the options include going back and starting out with a Rule 26 conference, having discovery and motions for a summary judgment at that point. There has to be an end to it. There are procedural rules that I think are enacted to ensure that we have at some point finality on what's going on and not endless expenditures. But if I may, I'd like to say a word about attorney's fees. And I acknowledge that whether to award attorney's fees in the amount is a matter within the discretion of the trial court. However, that discretion must be exercised in light of the legislative intent that set up the Copyright Act. The legislature has expressly stated that the copyright holders are to be compensated for the costs that they've obtained. That goal has been disturbed in this case in particular by not awarding fees. Nadine was found to have infringed willfully the two watch copyrights. The jury awarded the maximum statutory damages on those watch copyrights. And yet due to all the procedural twists and turns below, my client's out of pocket over a million dollars. Who prepared the verdict for him that created so much trouble? Prior counsel. I was not in the case at that point. I don't know if it was. I think Judge Trotman, which side? I think it was the plaintiff's side, my side, that prepared it. And I think there's a stipulation in the record that we cite to in our papers where both sides agreed that it would be submitted. And I assume that Your Honor's thinking about the fact that the language was one or more of the belt designs. I never would have done that myself. You threw this whole thing into a cocked hat. It was your side that's responsible. The party stipulated to that form, though. Both sides agreed that that would be. The other side's going to get up and say that's true. Well, I think we cite to it in the record. So I don't think it's a matter for question. How do we evaluate the district court's ruling on attorney's fees for abuse of discretion when the district court didn't give any reasons for its denial? Well, that's part of the interest of having worked on this case is that the district court almost never gave a reason for anything. Even when pushed, the reasons were sparse. That's true. And so I think we have to turn to first principles at that point, which is where I was going. And we all have to acknowledge that the legislature wants people to create and to protect their rights and to have the fruits of their productivity and their creation. And a businessman in this case would have to say, was it worth it? Maybe it's just too expensive. They spent a million dollars on attorney's fees? A million, over a million. We've attributed a little more than a million to the copyrights that we have. I guess it would have been a lot less if there had just been judgment entered on the verdict. Pardon me? I guess it would have been a lot less if judgment had just been entered on the verdict. Yes, a lot less. And if the conclusion here is that it's just too expensive to try and enforce one's copyrights, I'd say our society is the less and this act has not served its purpose. This case starts to make the system look more like a degenerative disease than a way to resolve conflicts. Well, I couldn't agree more. I couldn't agree more. Does anyone use voluntary stipulations to arbitration in these copyright cases or are there good reasons to go to district court despite the availability of all those private arbitrators in California? Well, my own experiences, I've tried quite a few copyright cases and I know Mr. Heller has on the other side as well, is that I would never use an arbitrator. Arbitrators don't have to follow the law and when things go crazy, it's too hard to explain to your client what happened and that we have no recourse. That's the deal in arbitration. How about private judges? Do you use private judges? I've never done it on a copyright case. I've recommended to clients that they agree to that instead of an arbitration clause. I'd agree to that in a second if the alternative is eight years of this. No further questions. I reserve my 33 seconds. Actually, you're over. Good morning, Your Honors. Lawrence Heller appearing for the appellee, Belts by Nadim, who is also a class appellant, as you've noted. I wanted to clear a few things up on the record and I guess the prefiguratory statement would be that, yes, this case has certainly done down a very long and I guess you could characterize it as somewhat tortuous. Counsel, help me with what's on my mind. It looks to me like a nightmare for both sides, the clients and the lawyers. And it doesn't look to me like it's the lawyer's fault that it's been so expensive to litigate. Is there any would it be a waste of time to invite the parties to determine whether they wish to use the court's mediation services? Well, one of the obstacles is that Belts by Nadim is now out of business and has been for about three years. This is outside the record, and I believe your question was, there is an insurance carrier that has financed the case, but there is now a I wouldn't want to call it a dispute. There is an issue, let me say, and I, of course, can't get involved in this at all, with respect to because of the coverage. Yes. It hasn't it's not I'm not going to characterize it as a dispute, but there is an issue out there. That doesn't really answer my question of whether it'd be a waste of time to invite mediation or whether we should just submit and decide. I don't think it would be a waste of time to invite mediation. We have been, I think, with prior counsel in one or two mediations as the years have rolled by on this case. And so I would answer, no, it would not be a waste of time. And I didn't mean to circumvent your question. I just wanted to say one of the factors that is involved in a successful resolution and mediation would be that factor. You'd have to fight with the carrier about it. Well, I don't know how that would pan out, and as I said, I have to assiduously avoid being at all involved in that and any issues with regard to coverage have to be handled outside of my purview, certainly because of a conflict that would exist. That having been said, let me point out a few things that I think were not correctly stated in the record. Number one, there was no summary judgment on actual damages or indeed any other summary judgment except, I think, on perhaps the trade dress prior to the first trial. So there are no inconsistent summary judgments. The only summary judgment that the Court issued on actual damages, as well as on statutory damages for the Bell copyrights, which counsel has correctly said was a conversion of a motion limiting into a past denied summary judgment, took place after the 2001 trial, quite a while after, I believe, in 2006 or 2007. So there's no law of the case and no inconsistent rulings in that regard. With respect to the actual damages, it is our position, of course, was, as we briefed it, that the fact of damages clearly does not exist. As was noted, there was not, there was no evidence of even one loss sale. The revenue actually went up during the purportedly infringing period. They, Appellant was unable to state whether the revenues had gone up or not gone up. I'm talking belts. Yes. There was no expert, and I would say that counsel, we have tried one other copyright case that was similar to this, and I know that he does try copyright cases and perhaps was confused by that where there were experts. There was no expert in this trial, and I did try the case. Counsel, the present counsel for Appellant came on later. There was no expert testimony at all with respect to damages. What about the argument about lost value of use, citing some of those NACI and those cases? Yes. Well, value of use is a situation where there has been the use of a product where the actual product of the plaintiff was utilized. For instance, the major case, I think, is the polar bear versus Timex case where there was a value of use, but in that instance, the Timex utilized a polar bear video to promote its products at a show. So there was actually the use of the plaintiff's product. And in that instance, they said that there was a value of use. And clearly not an instance as we have had in our situation. And I believe the cases say that there has to be actual evidence of loss of revenue, which, of course, in this instance, there was no evidence of loss of revenue, as I started to say, with respect to the infringed products. They couldn't say whether revenue went up or down. They just established there was no lost sale. There was no confusion. That's admitted in the record at the trial. And there was no evidence, the only evidence of overall revenue during the infringing period was that the plaintiff's revenue went up. Well, if they had lost sales because your client used their product, I mean, that's how I read the loss value of use cases. But are you saying that they would have to actually use the belts or sell the belts, sell the Ligon belts in order to fall within the loss value of use? Well, your point is very well taken. There has to be some form of a causal relationship. And in this instance, there was absolutely no causal relationship. Indeed, there were no damages, so there was no causal relationship to show. But there clearly was no causal relationship between the sales by Nadeem, the appellee, of his belts and any lost sales by the plaintiff. And that has not been established, which needs to be established for the presumed damages, which is another theory that the plaintiff has came up with because they were unable to show that there were any, that there was any actual damages. Because the bottom line of actual damages is you've been damaged. You've lost sales. And you need to show that. And if you're not going to show it What do you do with this language in Mercos in Yonai? Lost sales are Well, lost sales can, is not presumed in this instance. For instance, the Mercos case and the other case that was cited, which I believe was the Robert Jones versus Nino Holmes, and I'll go to that case first, was a situation where you had two architects who, one used the copyrighted plans of the other architect, were building within a particular geographical area. And the court made the assumption in that instance, well, we can presume that the people who like the architectural plans that the defendant used, which were ripped off from the plaintiff's architectural plans, would have utilized those architectural plans, and that is a lost sale for the plaintiff. Well, in this instance, we have, of course, a plethora of belt manufacturers and different belts that are out there. We're talking here about an infringing design, so they look the same. Right, because it's a copyright case, yes. And they're displayed next to each other at the store, except one's cheaper. The only evidence of them being displayed in the same store, or even on the same rack, was one store called Cavendish down in Texas, where they were on the same rack, but each was marked with the hang tags of the seller, the manufacturer. Nadim said, belts by Nadim's, and the hang tags were right there, and they were hung. Why isn't that enough to draw an inference, even if you didn't have a presumption? I mean, you see two things, they look absolutely identical, except one's cheaper. Is it reasonable to think that some customers would say, gee, why should I pay more? Well, I guess we start with the premise, which is going to lead to a point that I do want to raise while I still have time. We start with the premise that they look absolutely identical. Remember, liability was not established in this case. The Court earlier asked what the effect of the stipulation. I think you read the language was that said, in effect, that they wanted, they requested judgment on the presence date of the record. Was that stipulation accepted or rejected? Well, that stipulation was accepted. What happened was the stipulation was accepted by the Court and signed by the parties. Then, based on the stipulation, the parties each could not agree on a judgment. The Court ordered them to do so. They each gave their own judgment, and the Court fashioned its own judgment. Correct. Okay. So the stipulation was accepted and is there. And there is no issue that at that point in time, liability had not been established and deed was going to retrial. Now, the parties may ---- So are you saying that the jury's original finding that Nadine had infringed on Ligon with respect to the belt design, are you saying that that was also vacated when he granted the motion, the judge granted the motion for the new trial? Because my understanding from the briefs was that that infringement finding remained. Well, that's an excellent question. And let me try to answer it this way. As was previously noted, there was a jury verdict, which we did on the record of Jack 2, and proposed our own jury verdict that said, and it was Plaintiff's jury verdict, that said that the jury should find whether or not there's been infringement of one or more copyrights. You're saying verdict. You mean verdict form. A verdict form, excuse me. I'm sorry. Yes. A special verdict form. One or more copyrights. Now, there's no question that when we got to the point of the second trial in 2006 or 2007 and the stipulation was entered into, there had not been a determination of liability. That had to go back to the jury. The question was, does it go back to the jury where the jury decides that there is definitely one infringement out of the five copyrights and figures which one, or, as we maintain, that really that would lead to some sort of wagering or guessing, because the jury might listen to the evidence and decide there's been no infringements at all. But clearly no liability had been established at that time, and there's no question that that had to go back to the jury, at which point the appellant stipulated on the record that it should go to judgment on the present state of the record. And the present state of the record was the two statutory damage awards on the watch copyrights. Well, when you're saying no liability, I'm not sure I understand that. I understood that they did find infringement. And so I just want to clarify. Are you saying that was vacant? Are you saying it was confusing? Or what are you saying about that determination by the jury? Yes. And I understand and appreciate your confusion on that, if indeed it is confusion, because it is confusing. The court had not yet made a determination in what form the liability issue was going to go back to the jury in the second trial. Was it going to go back with the jury saying, and the parties were briefing this, was it going to go back with the jury saying, with an instruction to the jury, that they had to find infringement on at least one copyright and more, because the original jury had done that? Or was it going back, as we maintained, that a new jury would be compelled then, perhaps against what the way they interpreted the evidence, of finding at least one copyright infringement, and that the liability issue of all the copyrights should be put in front of them? But clearly, the point I – and that had not been decided. And that's why I think there's confusion about what was going back to the jury. Okay. So you disagree with Appellant's position that the finding of jury infringement on at least one belt remains at this point? Yes. You disagree with that? Yes. And there's in the record the court at a point, I think, at the pre-trial time. Does that mean we just start all over? We start all over on the belts? Well, on the belts, yes. But not the watches? No. Well, we, of course, have an appeal, and I haven't talked about that, and perhaps wouldn't have time to talk about that, with respect to the watch copyrights and some errors that were made by the district court and prejudicial conduct by counsel. So that is part of our cross-appeal, along with the attorney's fees. But in direct answer to your question, I think in direct answer, the new trial that was going to be in 2007 was going to be only on the watch copy – only on the belt copyrights at that time. So you're asking to start all over again from scratch. I am. I am. And I'm not – let me qualify, because I know it's in everyone's mind, and I've lived with this case from literally almost day one, within a few months after it was filed. I understand where this has gone and what it's gone through. There have been a lot of rulings. I'm very familiar with the rulings. There have been two new trial rulings, one of which vacated a remitter ruling. So I know that it's gone through a path. I believe, and I think I have to say, that I think the district court – generally speaking, you'll have trial judges in district and state courts say to you, when you walk into trial, well, counsel, other than maybe some procedure, I don't know your case. I'll learn it as you try it in front of me or in front of the jury. And I think what happened in this is it went through a four- or six-day jury trial, and the judge then looked at the record and made his decision and made the decision based on information that he was getting. And certainly there's no question. I don't get it. He's not a 13th juror. He's not on the jury. He didn't get a vote. But he certainly had the right to order a new trial the first time and to order a new trial the second time. And there's no question that he had the right to grant a summary judgment on actual damages. And in that regard, let me just point out that this didn't just come up suspended. On the summary judgment, I don't know about that. The party opposing it has the right not just to fax proof by its evidence, but to reasonable inferences. And they put in evidence that the belts were similar and they were displayed next to each other. Fair inference is that some people would buy the cheaper belt. Well, that is their presumption, but I don't think that for reasons I said earlier I don't think they saw. It may be a presumption under Merkos, and even if it isn't, it's an inference, which Rule 56 says precludes summary judgment. Well, if indeed you find that to be an inference and to create a material issue of fact, our position on this, and the district court obviously agreed with us, was that there was no causal connection created between just having two belts on a rack and it wasn't just two belts next to each other, of course. Well, we review summary judgment, de novo. That's correct. So we decide for ourselves whether it's a reasonable inference that customers seeing two things next to each other, they look the same except one's cheaper, would buy the cheaper one. There is no question that it's a de novo review and that you do look at it, take a fresh look at it. We don't defer at all on that. I do understand that. And the only point that I'm making is that if you do take another look at that and look at the law, you will see that there needs to be a causal connection, there needs to be a loss of revenue for there to be a presumption, which is what we are talking about, is a presumption of lost sales. What was it? $8,888 infringing belt sold by Nadine. Legion's profit was $6 per belt. They had evidence like that. Well, that's their value of use theory, which I had previously spoken of, which I, again, under the law and the case law. And then on profit, it was $6.80 per item, adding up to $60,438.40. Yes. I mean, to me, that looks like the kind of thing, well, no summary judgment because inferences can go either way. You leave it to the jury. They decide. Goodbye. Judgment on the verdict. Yes, but the new trial, the time of the summary judgment, the new trial had been granted. I mean, I don't know if you're going to the summary judgment or the new trial. If you're saying, well, the judge shouldn't have granted the new trial on ultimately on the actual damages permitting the summary judgment. My question suggests that inference. Okay. I thought you had started with the summary judgment, speaking of that. The judge did not give a reason for granting the new trial and the actual damages. I believe the reason is the same reason that he granted it on the summary judgment. I believe a lot of judges give reasons for things when we read the reasons and decide, oh, I understand now. Since this judge basically didn't give reasons for what he did, it seems inappropriate to search for any reason we can think of that might have justified it. We do that for juries, but ordinarily we don't do it for judges when they exercise discretion. Right. Although I believe that the law, the statute does state that if there's a denial of a summary judgment, the reasons do not, the grounds do not have to be given. Oh, I was talking about the new trial. Oh, the new trial. Okay. But let me just put this in the context of the presumed damages and why you don't get even that far again. There has to be, as I talked about a causal connection, there has to be some evidence of some lost sale. No, all there has to be is an inference. I mean, a lot of copyright cases you do see, they come up with some customer who says in the half-million-dollar copyright case, oh, I bought the $8 one instead of the $11 one because I didn't see the difference. I guess that tightens the bolts, but it doesn't really change the structure any. The inference is there without that customer, and the customer without the inference is not persuasive. Well, I just have to respectfully disagree that I think that when you, if you're going to presume damages, which is, which you're characterizing as an inference. Infer. Infer. Okay. I think the case is struck by presumption. But infer damages. Murco says presume. Right. And 56 infers. Okay. Infer. Your basis for that, the causal connection basis, must be some form of a loss of revenue. You cannot otherwise presume or infer. And, indeed, in this instance, revenue went up, and that's admitted. And with respect to a customer making a decision, well, that question was asked directly at trial. Do you know of any? I don't see where revenue going up has any bearing. In a rising economy, people getting richer, revenue can go up when it would have gone up a lot more. I think in order to show that. Gosh, in a Title VII case, you could have somebody who says, I was discriminated against. I didn't get a promotion. It's not a good answer to say, but you got to raise if everybody else got to Well, yes. I would, again, respectfully characterize that perhaps as an imperfect analogy between the two, because the term is actual damages, and you're showing that there was some form of a loss. Your point, Your Honor, is well taken. My point is you don't have to be worse off to have damages. If I made $50 when I could have made $100, but for the wrong done to me, I have $50 damages. But there has to be some evidence. Are you saying there was no evidence of loss? No evidence of loss whatsoever. Well, in the reply brief on page 8, there's a question here. Mr. Cole is one of the owners, I guess. Yes. Let me ask you this question. Can you identify any stores or even a single store where any sales of Lagan products have gone down because those stores have purchased Nadine products, which you allege are infringing? Answer yes. Is that evidence of loss? And I'm not sure exactly what you're looking to, but he was unable. Well, I think the next question was please identify any such store, and he said, well, I'm unable to identify any such store. And I think you might see that in our brief, as a matter of fact. I don't think there's a question, and I think if when appellant's counsel gets to speak, I don't think there's a question that there was no identification of any lost sale or any store's revenue going down on these or that the revenue on these particular belts, which were purportedly infringed upon, the revenue went down. I don't think there's any evidence of that whatsoever. And I think that was the basis of the judge's summary judgment on actual damages. Counsel, we've exhausted your time. Thank you, Your Honor. I didn't get to talk about attorney's fees, but I'll just submit and rely on my brief. Thank you. Thank you, counsel. I want to ask some questions. We'll hear a little rebuttal because we still have some questions for you. Okay. You can clear up some of my confusion. I heard you say there was an expert witness that testified. Yes. And then I get into your brief, and you say we don't have to call an expert. And I don't remember having seen an expert testify. All I saw were Cole and whatever her name was. Laura Young. Yes. I just reviewed that. I was incorrect. Your Honor is correct. Mr. Cole and Ms. Young testified. You got up and very definitively told us that there was an expert who testified about such and so. That's completely wrong? No. I apologize. There was not an expert on it. Well, how do we trust anything else you've told us? Well, that's a problem I now have. I apologize. Also, then I was looking at this, as you can see, taking a look at the brief, and you said there was evidence of loss, and you quoted for us in the brief this big answer, yes, italicized in heavy type about identifying stores. Was the next question, can you name one, and the answer, no, I can't? I have in my notes that there was a question. I have asked if you can identify a store where the sales have gone down because of that store's purchase or sales of allegedly infringing deemed products, and the answer was I would have to say no. So this is a misleading statement in your brief, then. May I ask for the page? 1217 to 18 is what I have in my notes. ER1717, and the page in your brief is page 8, where you try to make it appear there was evidence of loss, but the next question is conveniently left out. Now you told us that you were arguing another case where there was an expert witness, and there isn't one here. And you want attorney's fees for this presentation? I was not the attorney at the trial. That's a terrible excuse. Now you're telling me we can't rely on anything in your brief or your oral argument.  This is not your very best day, counsel. Well, that wasn't my best answer. I agree. But on this page, there are two quotes. One is where he says, question, I have asked if you can identify a store where their sales of legion belts have gone down because of that store's purchase or sale of allegedly infringing products. Answer, I would have to say no. That's quoted in our brief. And what we point out is that there was another question and answer that went with it. So we have both the questions and the answers on our one page of the brief. And the second question and answer was, let me ask you this question. Can you identify any stores, or even a single store, where any sales of legion products have gone down because those stores have purchased Nadine products, which you're infringing? Answer, yes. My notes suggest that was prior in time and then there were some questions and he clarifies it with a no. I guess I didn't see the distinction between those answers, but the subsequent one was the no answer. I think the point was, and the record in fairness would be, that no one could say we lost this particular sale or we can identify a particular sale that we lost because of the belts being there. But that's a needle in a haystack to find that, to find the particular customer who came in and said, I bought this belt instead of this one, when they're all out there in the stores and they're in the same channel of commerce and they're on the same rack. Thank you, counsel. Legion Creative versus Belts by Nadine. Well, before we say it's submitted, we'll discuss among ourselves whether to defer submission. I guess, yeah, that's what we'll do. We're adjourned until 930 tomorrow morning.
judges: Trott, Kleinfeld, Ikuta